## TERRITORY OF NEW MEXICO *v.* WILLIAM BRANFORD.

ACTION AGAINST DEFAULTING SHERIFF, WHAT NOT A DEFENSE TO.—It is no defense to an action brought by the attorney-general in the name of the territory against a sheriff to recover moneys received by him from his county belonging to the territorial treasury, but not paid over, to show that the letter of instructions from the territorial auditor to the attorney-general for the bringing of the suit did not specify the amount of the indebtedness, etc., as required by the act of 1853, concerning defalcations of officers, that act being merely directory and compliance with it not being a condition precedent to the bringing of the suit.

APPEAL from the district court for Mora county. The opinion states the case.

*R. H. Tompkins, attorney-general,* for the appellant.

*M. Ashurst,* for the appellee.

By Court, KNAPP, J.:

This was an action commenced by the territory of New Mexico against William Branford, the sheriff of Mora county, to recover the amount he had received from his county belonging to the territorial treasury, and which he had neglected to turn over. The declaration in this case is in the common counts, with *ad damnum* two hundred dollars, and filed by the attorney-general before the commencement of the suit.

On the first day of the term of the district court to which the writ was returnable, an order was made, upon the oral motion of the defendant, that the attorney-general file his letter of instructions in this cause. This order having been excepted to, the attorney-general filed a letter, dated at the auditor's office, March 2, 1861, and addressed to him, as follows:

"I have the honor to inform you that since the county of Mora was created, by an act of the legislature of New Mexico, I have never received any returns from the clerk of the probate, neither has any sheriff appeared at my office to settle his account according to law, for funds collected in behalf of the said territory in said county of Mora. You

are hereby authorized to bring suit against the officers of said county for neglect of duty."

This letter .was signed by the auditor, and sworn to before the chief justice of this court.

It is contended by the defendant that this action could only be brought under the act of 1853, "concerning defalcation of officers:" Rev. Code, 390; and that a strict compliance with its provisions is required as a condition precedent to the commencement of the suit.  The act provides:

1.  "When any collector, or any other officer of this territory, who is required by law to settle his accounts with the auditor of this territory, and fails so to do, within twenty days after the time fixed by law, the auditor is required to transmit to the district attorney of the district in which the defaulter resides, or if there be no such district attorney, then to the attorney-general of the territory, a sworn statement of the indebtedness of the defaulter as appears by the books and records of his office.

2.  "If the auditor can not ascertain the exact indebtedness of the defaulter, he must state the same in his affidavit.

3.  "It is hereby made the duty of the attorney-general and of the district attorneys to immediately institute suit in the district court against such defaulters by petition, and when the amount of indebtedness is unknown, the same may be left blank; and,

4.  "The officer sued shall on or before the second day of the return hence of the summons, file his answer to the petition, under oath."

From the view we have taken in this case, it becomes immaterial for us to inquire into the sufficiency of the letter of instructions to the attorney-general from the auditor. It seems to have been sufficient for that officer to commence this suit.  We are of the opinion that this act is merely derectory to the auditor and attorney-general in the discharge of their respective duties, and the question whether its provisions have been complied with or not, can not be put in issue in a trial to recover money in the hands of a

defaulting officer.  It can be no defense to one officer who has a public duty to perform, that another officer of the government has not performed his duty strictly in relation to the same matter.  Had the defendant pleaded the non-performance of duty by the auditor, it would have been the duty of the district court to have sustained a demurrer to such plea, on the ground that it would raise an immaterial issue.

By the act of 1847, Rev. Code 462, sec. 9, it was made the duty of the auditor " to cause suits to be brought against all collectors, clerks, or other persons, who have failed to collect, or who have failed or neglected to pay into the territorial treasury any public moneys."

This act neither prescribes any mode of proceeding nor what attorney the auditor shall employ.  Certainly the attorney - general, the salaried attorney, is a very proper person to employ for that purpose; and being employed, we know of no rule of practice by which this defendant, any more than the defendant in any other suit, could inquire how the plaintiff had employed or directed his attorney to commence the action.  We are of the opinion that the district court erred in dismissing the cause, and the case must be remanded, with instructions to overrule the motion to dismiss the cause, with costs, and for further proceedings according to law.